LEVY DAVIS & MAHER, LLP
Attorneys for Plaintiffs
Jonathan A. Bernstein (JB 4053)
39 Broadway, Suite 1620
New York, New York 10006
(212) 371-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ADEL TARFAIA, GENARO BRAVO and          :     14 Civ. 1293
JUAN PEREZ, ANGEL ARROYO and            :
ALBERTO VIDAL,                          :
                                        :
Individually and on Behalf of All Others :
Similarly Situated,                     :
                                        :
                          Plaintiffs,   :
                                        :
         - against -                    :
                                        :     **COMPLAINT**
ESS-A-BAGEL, INC., ESS-A-BAGEL 1, INC., :
ESS-A-BAGEL INTERNATIONAL, LLC,         :
MICHAEL WENZELBERG, DAVID WILPON,       :
MURIEL FROST and MELANIE FROST,         :
                                        :
                          Defendants .  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs Adel Tarfaia (hereinafter "Tarfaia"), Gustavo Bravo (hereinafter "Bravo"), Juan Perez (hereinafter "Perez"), Angel Arroyo and Alberto Vidal, individually and on behalf of all others similarly situated, by their attorneys, Levy Davis & Maher, LLP, complain of defendants, Ess-A-Bagel, Inc., Ess-A-Bagel 1, Inc., Ess-A-Bagel International, LLC, Michael Wenzelberg (hereinafter "Wenzelberg"), David Wilpon (hereinafter "Wilpon"), Muriel Frost and Melanie Frost as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs, who were employed as countermen, bagel/salad makers and cleaning/maintenance workers at defendants' bagel stores/restaurants, complain on behalf of themselves and other current and former employees of defendants, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and Article 19 of the Labor Law of the State of New York, ("Labor Law") that they performed work for defendants for which they did not receive lawful minimum wages and overtime premium pay.

2. Plaintiffs bring this lawsuit on behalf of similarly situated persons who elect to opt into this action pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. The venue of this action is proper because plaintiffs performed labor and services in the Southern District of New York, *i.e.*, a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

**PARTIES**

5. Tarfaia is a natural person, currently residing in the City, County and State of New York. Mr. Tarfaia has been employed by defendants as a counterman since 1994.

6. Bravo is a natural person, currently residing in the City, County and State of New York. Mr. Bravo has been employed by defendants as a counterman since approximately February 2008.

7. Perez is a natural person, currently residing in the County of Kings, City and State of New York. Mr.. Perez has been employed by defendants as a bagel and salad maker, cleaner and maintenance man since the early 1990s.

8. Arroyo is a natural person, currently residing in the City, County and State of New York. Mr. Arroyo was employed by defendants as a counterman from February 2010 until October 2013.

9. Vidal is a natural person, currently residing in the City of Jersey City, County of Hudson, State of New Jersey. Mr. Vidal was employed by defendants as a counterman from July 2008 until August 2013.

10. At all relevant times, Tarfaia, Bravo, Perez, Arroyo and Vidal were employed by defendants at one or both locations of Ess-A-Bagel, stores and restaurants located at 831 Third Avenue and 359 First Avenue in the City, County and State of New York (collectively "Ess-A-Bagel").

11. Ess-A-Bagel, Inc. is a domestic corporation. Upon information and belief, it owns and operates two Manhattan Ess-A-Bagel locations in whole or in part. Its principal place of business is in the City, County and State of New York.

12. Ess-A-Bagel 1, Inc. is a domestic corporation. Upon information and belief, it owns and operates two Manhattan Ess-A-Bagel locations in whole or in part. Its principal place of business is in the City, County and State of New York.

13. Ess-A-Bagel International LLC is a domestic limited liability company. Upon information and belief, it owns and operates two Manhattan Ess-A-Bagel locations in whole or in part. Its principal place of business is in the City, County and State of New York.

14. Michael Wenzelberg is a natural person. At all relevant times, he was and is a principal of Ess-A-Bagel, Inc., Ess-A-Bagel 1, Inc. and/or Ess-A-Bagel International LLC. Upon information and belief, he is the nephew of the late Florence Wilpon, the founder of Ess-A-Bagel. Upon information and belief, until shortly after the lat Ms. Wilpon's death, he operated and managed the Ess-A-Bagel location at 359 First Avenue, New York, New York and exercised sufficient control over the business to be considered plaintiffs' employer within the meaning of the FLSA and the Labor Law.

15. David Wilpon is a natural person. At all relevant times, he was and is a principal of Ess-A-Bagel, Inc., Ess-A-Bagel 1, Inc. and/or Ess-A-Bagel International LLC. Upon information and belief, he is the husband Beverly Wilpon, who is the niece of the late Florence Wilpon. Upon information and belief, he operates the Ess-A-Bagel location at 359 First Avenue, New York, New York and exercises sufficient control over the business to be considered plaintiffs' employer within the meaning of the FLSA and the Labor Law.

16. Muriel Frost is a natural person. At all relevant times, she was and is a principal of Ess-A-Bagel, Inc., Ess-A-Bagel 1, Inc. and/or Ess-A-Bagel International LLC. Upon information and belief, she is the sister of the late Florence Wilpon. Upon information and belief, she has managed and/or operated Ess-A-Bagel since Florence Wilpon's death in 2013.

17. Melanie Frost is a natural person. Upon information and belief, she is the daughter of Muriel Frost and has been Chief Executive Officer and principal of Ess-A-Bagel, Inc., Ess-A-

Bagel 1, Inc. and/or Ess-A-Bagel International LLC since approximately September 2013.

## COLLECTIVE ACTION ALLEGATIONS

18.  Plaintiffs bring this action on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated are those who are and/or were employed by defendants as countermen, bagel makers, salad makers and/or cleaning/maintenance workers at either or both Ess-A-Bagel location at any time between February 26, 2011 and the present (the "Collective Action Period") within the meaning of 29 U.S.C. § 203(e)(1).

19.  Defendants are liable under the FLSA for, among other things, failing to compensate plaintiffs properly. Upon information and belief, there are many similarly situated current and former employees of defendants who have not been properly paid in violation of the FLSA, and who would benefit from the issuance of a court-supervised notice of the instant action and the opportunity to join the instant action. Those similarly situated persons are known to defendants, are readily identifiable, and can be located through the use of defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

20.  Plaintiffs were, at all relevant times, engaged in commerce within the meaning of 29 U.S.C. § 203(b), in that they worked as bagel makers, salad makers, countermen and cleaning/maintenance workers in defendants' store and restaurant.

21.  Defendants were, at all relevant times, and are, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

5

22. Upon information and belief, defendants, in combination with persons performing related activities for a common business purpose, are an enterprise whose annual gross volume of sales made or business done is not less than $500,000, exclusive of sales taxes.

23. Wenzelberg authorized the pay policies at Ess-A-Bagel and/or controlled the terms and conditions of plaintiffs' work.

24. Wilpon authorized the pay policies at Ess-A-Bagel and/or controlled the terms and conditions of plaintiffs' work.

25. Muriel Frost authorized the pay policies at Ess-A-Bagel and/or controlled the terms and conditions of plaintiffs' work.

26. Melanie Frost authorized the pay policies at Ess-A-Bagel and/or controlled the terms and conditions of plaintiffs' work.

27. Defendants accordingly acted as joint employers with respect to plaintiffs.

28. Plaintiffs were compensated at various wage rates and by various methods. Throughout most of plaintiffs' employment, however, the aggregate weekly wages were less than the applicable lawful minimum wage, as detailed hereinunder. Throughout most of plaintiffs' employment, however, defendants failed to pay plaintiffs overtime premium pay, as detailed hereinunder.

29. From 2005 until August 2010, Mr. Tarfaia worked at the First Avenue store, generally on the following schedule:

a. Monday-Friday, 12 noon - 11 p.m.

b. Saturday 8 a.m. - 11 p.m.

30. During this period, Mr. Tarfaia was paid $280.00 per week.

31. From August 2010 until December 2013, Mr. Tarfaia generally worked 38-40 hours per week. During this period, he was paid $200 per week.

32. From the beginning of his employment until approximately October 2012, Mr. Bravo worked at the First Avenue store, generally on the following schedule:

   a. Tuesday-Thursday 11 a.m. - 9:30 p.m.;

   b. Friday 10 a.m. - 9:30 p.m.

   c. Saturday 8 a.m. - 9:30 p.m.;

   d. Sunday 8 a.m. - 6 p.m.

33. From October 2012 until November 2013, Mr. Bravo worked at the Third Avenue store. From October 2012 until August 2013, he generally worked Tuesday-Sunday from 5 a.m. until 3 p.m. From August until November 2013, he generally worked Tuesday-Friday 6 a.m.-3 p.m. and Saturday 6 a.m. until 5 p.m.

34. In November 2013, Mr. Bravo was transferred back to the First Avenue store. Until January 26, 2014, he generally worked Monday-Friday 11 a.m.-9 p.m. and Saturday 8 a.m.-3 p.m. Since that date, he has worked Monday-Saturday, 1 p.m.-9 p.m.

35. From the beginning of his employment until April 2010, Mr. Bravo was paid $8.50 per hour for all hours worked. From April 2010 until October 2012, he was paid $9.00 per hour for all hours worked. Since October 2012, has has been paid $10.00 per hour for all hours worked.

36. From approximately 2008 until September 2013, Mr. Perez generally worked the following schedule:

   a. Saturday 10 a.m.-10:30 p.m.;

b. Sunday 8 a.m. - 6:30 p.m.;

c. Monday 10 a.m. - 10:30 p.m.;

d. Wednesday-Friday 10 a.m. - 10:30 p.m.

37. Since September 2013, Mr. Perez has generally worked 55 hours per week.

38. From 2008 until September 2013, Mr. Perez was paid $5.50 per hour for all hours worked. Since September 2013, he has been paid $8.00 per hour and $12.00 per hour for hours designated overtime by defendants.

39. Throughtou his employment, Mr. Arroyo generaly worked the following schedule:

a. Saturday 4 a.m.-3 p.m.;

b. Sunday 4 a.m. -6 p.m.;

c. Monday 5 a.m. - 3 p.m.;

d. Wednesday-Friday 5 a.m.-3 p.m.

40. Throughout his employment for defendants, Mr. Arroyo was paid $9.00 per hour for all hours worked.

41. From July 2008 until August 2011, Mr. Vidal worked at the Third Avenue store, generally from 6 a.m. - 3 p.m. every day except Tuesday.

42. From August 2011 until August 2013, Mr. Vidal worked at the First Avenue store, generally from 12 noon - 9 p.m. every except Sunday.

43. Throughout his employment for defendants, Mr. Vidal was paid $450 per week.

44. Plaintiffs and persons similarly situated regularly worked in excess of 40 hours in the workweek. However, plaintiffs and persons similarly situated were not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

45. Prior to April 2013, defendants deducted 20 minutes per day from each plaintiff's compensable time, whether or not plaintiffs availed themselves of the break time to which they were entitled.

46. Plaintiffs regularly worked in excess of ten hours and/or a split shift on a single workday. However, plaintiffs were not paid premium pay for the excessive hours/split shift.

47. Upon information and belief, defendants failed to make, keep and preserve records as required by 29 U.S.C. § 211(c).

## AS AND FOR PLAINTIFFS' FIRST CAUSE OF ACTION

48. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 47 of this Complaint.

49. At all relevant times, defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a). As such, Defendants were required to pay directly to plaintiffs and persons similarly situated the applicable federal minimum wage for all hours worked.

50. Defendants failed and refused to pay plaintiff and persons similarly situated the minimum wages to which they are entitled under the FLSA.

51. As a result of defendants' violations of the FLSA, plaintiff and persons similarly situated have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## AS AND FOR PLAINTIFFS' SECOND CAUSE OF ACTION

52. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 51 of this Complaint.

53. Although plaintiffs and their similarly situated co-workers frequently worked over forty hours in a workweek, they were not paid overtime premium pay for hours worked in excess of forty hours per workweek.

54. Plaintiffs and their similarly situated co-workers are entitled to one and one-half times their regular rates of pay for all hours worked in excess of forty hours in a workweek under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.*

55. As a result of defendants' violations of the FLSA, plaintiffs and persons similarly situated have suffered damages by being denied overtime premium pay in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## AS AND FOR PLAINTIFFS' THIRD CAUSE OF ACTION

56. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 55 of this Complaint.

57. Plaintiffs have not been paid minimum wages for all compensable work hours under the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 *et seq.* and N.Y. Labor Law §§ 190 *et seq.*

58. The failure of defendants to pay minimum wages to plaintiffs as required by the

New York Minimum Wage was willful within the meaning of Labor Law § 663.

59. Plaintiffs are accordingly entitled to back pay, liquidated damages, prejudgment interest and attorney's fees.

### AS AND FOR PLAINTIFFS' FOURTH CAUSE OF ACTION

60. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 59 of this Complaint.

61. Plaintiffs have not been paid overtime premium pay for all compensable work hours under the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 *et seq.* and N.Y. Labor Law §§ 190 *et seq.*

62. The failure of defendants to pay minimum wages to plaintiffs as required by the New York Minimum Wage Act was willful within the meaning of Labor Law § 663.

63. Plaintiffs are accordingly entitled to back pay, liquidated damages, prejudgment interest and attorney's fees.

### AS AND FOR PLAINTIFFS' FIFTH CAUSE OF ACTION

64. Plaintiffs incorporate by reference each and every allegation made in paragraphs 1 through 63 of this Complaint.

65. Plaintiffs are entitled to an additional one hour's pay at the minimum hourly wage rate for any day in which the spread of hours worked exceeds 10 hours.

66. Defendants failed and refused to pay plaintiff additional wages as required under 12 NYCRR § 146-1.6, which regulation was duly promulgated pursuant to N.Y. Labor Law §

21(11).

WHEREFORE, plaintiffs respectfully request that this Court enter a judgment:

1. Authorizing notice of this action pursuant to 29 U.S.C. § 216(b);

2. Directing defendants to pay federally-mandated minimum wages ond overtime premium pay to plaintiffs and to such persons as may opt in to this action;

3. Directing defendants to pay liquidated damages under the FLSA to plaintiffs and such persons as may opt in to this action;

4. Directing defendants to pay New York state-law minimum wages and overtime premium pay to plaintiffs;

5. Directing defendants to pay liquidated damages under the New York Labor Law to plaintiffs;

6. Directing defendants to pay pre-judgment interest to plaintiffs as authorized by New York law;

7. Granting a permanent injunction enjoining defendants and their owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating the rights of the plaintiffs as secured by the New York Labor Law;

8. Awarding plaintiffs the costs of this action together with reasonable attorneys' fees; and

9. Granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
February 23, 2014

      Levy Davis & Maher, LLP

      By:____/s/_____

      Jonathan A. Bernstein (JB 4053)
      Attorneys for Plaintiffs
      39 Broadway, Suite 1620
      New York, New York 10006
      Tel:  (212) 371-0033